Kenneth E. CHANDLER, Appellant,

v.

KEW, INCORPORATED, a Colorado corporation, d/b/a Chambers Liquors, and Gordon E. Eckley, individually, and Gordon E. Eckley, d/b/a Denver Real Estate Company, and Gordon E. Eckley, a promoter, principal, officer, director and shareholder of KEW, Incorporated, and William Wall, individually, and William Wall, d/b/a Denver Real Estate Company, and William Wall, a promoter, principal, officer, director and shareholder of KEW, Incorporated, and Denver Real Estate Company, a Colorado association, and Bud Carrol, individually, and Bud Carrol, d/b/a Denver Real Estate Company, Appellees.

No. 76–1083.

United States Court of Appeals,
Tenth Circuit.

April 19, 1977.

Opinion Ordered Published Oct. 18, 1982.

Larry F. Clark, Denver, Colo. (James A. Cain, Denver, Colo., was with him on the brief), for appellant.

No appearance for appellees.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The complaint of plaintiff-appellant Chandler has four counts based on alleged violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. and four pendent claims charging violation of Colorado law. The trial court sustained the defendants' motions to dismiss. We affirm.

The federal claims assert fraud in the sale of stock. The record shows that plaintiff made a contract with the defendants for the purchase by him of "described business and personal property * * * called K.E.W. Inc. dba Chambers Liquors * * *." The contract says: "PRICE TO INCLUDE: 100% of the outstanding issued stock of K.E.W., * * *." Plaintiff sued to recover his down payment of $2,500.

Plaintiff contends that the contract included 100% of the stock and "stock" is a security within the pertinent statutory definitions. See 15 U.S.C. §§ 77b(1) and 78c(a)(10). In *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 848, 95 S.Ct. 2051, 2058, 44 L.Ed.2d 621, the Court rejected any suggestion that a transaction evidenced by the sale of shares called stock "must be considered a security transaction simply because the statutory definition of a security includes the words 'any ... stock.'" After citing *Tcherepnin v. Knight*, 389 U.S. 332, 336, 88 S.Ct. 548, 553, 19 L.Ed.2d 564, and *S.E.C. v. W. J. Howey Co.*,

328 U.S. 293, 298, 66 S.Ct. 1100, 1102, 90 L.Ed. 1244, the Court said, 421 U.S. at 849, 95 S.Ct. at 2059:

> "Because securities transactions are economic in character Congress intended the application of these statutes to turn on the economic realities underlying a transaction, and not on the name appended thereto."

The economic realities of the case at bar show that the plaintiff was buying a liquor store and, incidently as an indicia of ownership, was receiving 100% of the stock of the company which owned the store. There was no security transaction within the purview of the federal statutes. Because federal jurisdiction did not lie under the pertinent statutes and because there was no diversity, the court properly dismissed the pendent claims based on state law.

AFFIRMED.